IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                        ORDER

            Plaintiff,

     v.                                            01-cr-9-bbc

                                                  01-cr-98-bbc

RODNEY R. RAINES,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Rodney Raines has filed a notice of appeal of the court's October 16, 2015 order denying his motion to correct an error in the record. Defendant filed his motion because he had been told at the institution in which he was housed that the Bureau of Prisons had no record of his resentencing on May 2, 2003. A review of the record showed that defendant was sentenced for the first time in this court on April 11, 2002; he was resentenced on May 2, 2003, after the government moved for a reduction of his sentence under Fed. R. Crim. P. 35. The court granted the motion, held a resentencing and imposed a reduced sentence. The court's records show that the amended sentence was entered into the record by the court, dkt. #348, and that the United States Marshal filed a return of the

1

judgment and commitment order. Dkt. #350. Whether the Bureau of Prisons did not receive a copy of the amended judgment or received it but failed to record the fact of the reduced sentence in defendant's file is unknown. However, the docket sheet showed no error on the record.

On receipt of defendant's motion, this district's probation office sent the Bureau of Prisons a copy of the judgment showing the 2003 reduced sentence. A review of the Bureau of Prisons' website shows that the bureau has corrected defendant's sentence to reflect the 2003 reduction.

Because defendant failed to show that this court made any error, I denied his motion. He now contends that it was an error for the court to refer to his motion as a motion to correct a clerical error and to deny it as moot. It is unclear why defendant believes that he should be allowed to take an appeal from the court's order, now that his prison record has been corrected. His release date is still in the future, so he has not been deprived of any liberty interest. Nevertheless, only the court of appeals can decide whether defendant should be allowed to appeal.

Defendant's notice of appeal was not accompanied by the $505 fee for filing an appeal. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22. Therefore, I construe it as including a request for leave to proceed in forma pauperis on appeal under 28 U.S.C. § 1915. According to 28 U.S.C. § 1915(a)(3), "an appeal may not be taken in forma pauperis if the

2

trial court certifies in writing that it is not taken in good faith."  I cannot find tha defendant's claim is taken in good faith.  It is so clearly foreclosed by the facts and the governing law that no reasonable person would suppose it has merit.

## ORDER

IT IS ORDERED that defendant Rodney Raines's request for leave to proceed <u>in forma pauperis</u> on appeal is DENIED.

Entered this 30th day of December, 2015.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge